**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and § | |
| UNILOC LUXEMBOURG, S.A., § | Civil Action No. 1:17-cv-752 |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | PATENT CASE |
| § | |
| ATHENAHEALTH, INC., § | |
| § | |
| Defendant. § | JURY TRIAL DEMANDED |
| § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, athenahealth, Inc. ("athenahealth"), allege as follows:

**THE PARTIES**

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.  Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      athenahealth is a Delaware corporation and offers its products and services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Western District of Texas.  athenahealth may be served with process through its registered agent in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

## JURISDICTION AND VENUE

4.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). athenahealth has a regular and established place of business at 800 W. Cesar Chavez Street, Austin, Texas 78701.

6.      athenahealth is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Austin, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

7.      Uniloc incorporates paragraphs 1-6 above by reference.

8.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON A NETWORK that issued on November 27, 2001.  A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

9.      Uniloc USA is the exclusive licensee of the '578 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

2

10.     athenahealth operates a centrally hosted Content Distribution Network known, *inter alia*, as athenaNet.

11.     Users may download applications from athenahealth via athenaNet for installation on the user's computer.

12.     athenahealth offers numerous tools via athenaNet that provide the user with a plurality of user-configurable features such as Profile and My Notifications in athenacommunicator.

13.     athenahealth uses log in and passwords to ensure that athenaNet users are authorized users.

14.     AthenaNet allows a user to provide and exchange information, such as health records.

15.     According to www.athenahealth.com, athenaNet provides customers with a plurality of administrator preferences, such as the ability to limit the amount of information each user has the ability to control access via password strength and the ability to Build and Apply Templates.

16.     athenahealth has directly infringed, and continues to directly infringe one or more claims of the '578 Patent, including at least claims 17-21, 23-24, 31-36, 39, 41 and 44 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the athenaNet system in the United States during the pendency of the '578 Patent which software and associated backend server architecture *inter alia* allows for installing application programs having a plurality of configurable preferences and authorized users on a server coupled to a network, distributing an application launcher program to a client, obtaining a user set of the configurable preferences, obtaining an administrator set of configurable preferences

and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

17.     In addition, should the athenaNet system be found to not literally infringe the asserted claims of the '578 Patent, the system would nevertheless infringe the asserted claims of the '578 Patent.  More specifically, the accused system performs substantially the same function (obtaining user and administrator sets of configurable preferences), in substantially the same way (via a user and administrator), to yield substantially the same result (executing an application program using the configurable preferences in response to a request from a user on a network). athenahealth would thus be liable for direct infringement under the doctrine of equivalents.

18.     athenahealth has indirectly infringed and continues to indirectly infringe at least claims 17-21, 23-24, 31-36, 39, 41 and 44 of the '578 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the athenaNet system.  athenahealth's customers who use the athenaNet system in accordance with athenahealth's instructions directly infringe one or more of the foregoing claims of the '578 Patent in violation of 35 U.S.C. § 271. As set forth *inter alia* above, athenahealth directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the athenaNet system, such as those located at one or more of the following:

- www.athenahealth.com

- https://itunes.apple.com/us/developer/athenahealth

- https://play.google.com/store/apps/developer?id=athenahealth

- www.youtube.com, including:

- www.youtube.com/user/athenahealth

- www.youtube.com/watch?v=QFi_vo8V_Lg

- www.youtube.com/watch?v=oFnEzC17kRE

- www.youtube.com/watch?v=3x26TJ4348

- www.youtube.com/watch?v=mnYSLqnoc0

- www.youtube.com/watch?v=WjKsElbim_U

athenahealth is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

19.     athenahealth will have been on notice of the '578 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on May 17, 2017.  By the time of trial, athenahealth will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of one or more of claims 17-21, 23-24, 31-36, 39, 41 and 44 of the '578 Patent.

20.     athenahealth may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the athenaNet system. Uniloc reserves the right to discover and pursue all such additional infringing software.

21.     Uniloc has been damaged by athenahealth's infringement of the '578 Patent.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

22.     Uniloc incorporates paragraphs 1-21 above by reference.

23.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006.  A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

24.     Uniloc USA is the exclusive licensee of the '293 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

25.     athenahealth uses an Apache network management server and one or more Apache on-demand servers to distribute to users and operate its solutions such as the ePocrates software.

26.     athenahealth has directly infringed, and continues to directly infringe one or more claims of the '293 Patent, including at least claims 1, 12 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the athenaNet system in the United States during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program for management to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration operations for the application program at a target on-demand server and distributing the file packet to the target on-demand server to make the program available for use by a client user.

27.     In addition, should the athenaNet system be found to not literally infringe the asserted claims of the '293 Patent, the system would nevertheless infringe the asserted claims of the '293 Patent.  More specifically, the accused system performs substantially the same function (distributing an application program to a target on-demand server on a network), in substantially the same way (via initiation of registration operations for the application program at the target on-demand server), to yield substantially the same result (making the application program available

for use by a user at a client).  athenahealth would thus be liable for direct infringement under the doctrine of equivalents.

28.     athenahealth has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the athenaNet system.  athenahealth's customers who use the athenaNet system  in accordance with athenahealth's instructions directly infringe one or more of the foregoing claims of the '293 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, athenahealth directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the athenaNet system, such as those located at the following:

- www.athenahealth.com

- https://itunes.apple.com/us/developer/athenahealth

- https://play.google.com/store/apps/developer?id=athenahealth

- www.youtube.com, including:

- www.youtube.com/user/athenahealth

- www.youtube.com/watch?v=QFi_vo8V_Lg

- www.youtube.com/watch?v=oFnEzC17kRE

- www.youtube.com/watch?v=3x26TJ4348

- www.youtube.com/watch?v=mnYSLqnoc0

- www.youtube.com/watch?v=WjKsElbim_U

athenahealth is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

29.     athenahealth will have been on notice of the '293 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on May 17, 2017.  By the

time of trial, athenahealth will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of one or more of claims 1, 12 and 17 of the '293 Patent.

30.     athenahealth may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the athenaNet system. Uniloc reserves the right to discover and pursue all such additional infringing software.

31.     Uniloc has been damaged by athenahealth's infringement of the '293 Patent.

### COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

32.     Uniloc incorporates paragraphs 1-31 above by reference.

33.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A NETWORK that issued on January 21, 2003.  A true and correct copy of the '466 Patent is attached as Exhibit C hereto.

34.     Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

35.     The athenaNet system permits distribution of user desktop interface software, such as for a medical doctor's use, to authorized users.

36.     An authorized athenaNet user may request a number of Athenhealth applications, such as Appointments and Billing.

37.     Upon an authorized user's request, athenaNet will provide to a user from an athenahealth server an instance of an application such as Appointments.

38.   athenahealth has directly infringed, and continues to directly infringe one or more claims of the '466 Patent, including at least claims 15-20, 22-23, 30-33 and 35-36, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the athenaNet system in the United States during the pendency of the '466 Patent which software and associated backend server architecture *inter alia* allows for installing application programs on a server, receiving a login request, establishing a user desktop interface, receiving a selection of one of the programs displayed in the user desktop interface and providing an instance of the selected program for execution.

39.   In addition, should the athenaNet system be found to not literally infringe the asserted claims of the '466 Patent, the system would nevertheless infringe the asserted claims of the '466 Patent.  More specifically, the accused system performs substantially the same function (selection of an application program), in substantially the same way (via an established user desktop interface), to yield substantially the same result (providing the program for execution). athenahealth would thus be liable for direct infringement under the doctrine of equivalents.

40.   athenahealth has indirectly infringed and continues to indirectly infringe at least claims 15-20, 22-23, 30-33 and 35-36 of the '466 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the athenaNet system.  athenahealth's customers who use the athenaNet system in accordance with athenahealth's instructions directly infringe one or more of the foregoing claims of the '466 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, athenahealth directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the athenaNet system, such as those located at the following:

•        www.athenahealth.com

9

- https://itunes.apple.com/us/developer/athenahealth

- https://play.google.com/store/apps/developer?id=athenahealth

- www.youtube.com, including:

- www.youtube.com/user/athenahealth

- www.youtube.com/watch?v=QFi_vo8V_Lg

- www.youtube.com/watch?v=oFnEzC17kRE

- www.youtube.com/watch?v=3x26TJ4348

- www.youtube.com/watch?v=mnYSLqnoc0

- www.youtube.com/watch?v=WjKsElbim_U

athenahealth is thereby liable for infringement of the '466 Patent under 35 U.S.C. § 271(b).

41.     athenahealth will have been on notice of the '466 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on May 17, 2017.  By the time of trial, athenahealth will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of one or more of claims 15-20, 22-23, 30-33 and 35-36 of the '466 Patent.

42.     athenahealth may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the athenaNet system. Uniloc reserves the right to discover and pursue all such additional infringing software.

43.     Uniloc has been damaged by athenahealth's infringement of the '466 Patent.

## COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 6,728,766)

44.     Uniloc incorporates paragraphs 1-43 above by reference.

45.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,728,766 ("the '766 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM

PRODUCTS FOR LICENSE USE MANAGEMENT ON A NETWORK that issued on April 27, 2004.  A true and correct copy of the '766 Patent is attached as Exhibit D hereto.

46.     Uniloc USA is the exclusive licensee of the '766 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

47.     athenahealth uses a license management procedure, such as requiring user identity, in connection with the distribution of software via athenaNet.

48.     athenahealth has directly infringed, and continues to directly infringe one or more claims of the '766 Patent, including at least claims 13-15 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the athenaNet system in the United States during the pendency of the '766 Patent which software and associated backend server architecture *inter alia* allow for maintaining user policy based license management information for application programs at a server, receiving a request for a license at the server, determining license availability based on the policy information, and providing an indication of availability or unavailability.

49.     In addition, should the athenaNet system be found to not literally infringe the asserted claims of the '766 Patent, the system would nevertheless infringe the asserted claims of the '766 Patent.  More specifically, the accused system performs substantially the same function (managing licenses for authorized computer software based on user policy information), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized software to a client).   athenahealth would thus be liable for direct infringement under the doctrine of equivalents.

50.     athenahealth has indirectly infringed and continues to indirectly infringe at least claims 13-15 and 17 of the '766 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the athenaNet system.  athenahealth's customers who use the athenaNet system in accordance with athenahealth's instructions directly infringe one or more of the foregoing claims of the '766 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, athenahealth directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the athenahealth software licensing and management system and distributed software products, such as those located at the following:

- www.athenahealth.com

- https://itunes.apple.com/us/developer/athenahealth

- https://play.google.com/store/apps/developer?id=athenahealth

- www.youtube.com, including:

- www.youtube.com/user/athenahealth

- www.youtube.com/watch?v=QFi_vo8V_Lg

- www.youtube.com/watch?v=oFnEzC17kRE

- www.youtube.com/watch?v=3x26TJ4348

- www.youtube.com/watch?v=mnYSLqnoc0

- www.youtube.com/watch?v=WjKsElbim_U

athenahealth is thereby liable for infringement of the '766 Patent under 35 U.S.C. § 271(b).

51.     athenahealth will have been on notice of the '766 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on May 17, 2017.  By the time of trial, athenahealth will have known and intended (since receiving such notice) that its

continued actions would actively induce the infringement of one or more of claims 13-15 and 17 of the '766 Patent.

52.     athenahealth may have infringed the '766 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the athenaNet system. Uniloc reserves the right to discover and pursue all such additional infringing software.

53.     Uniloc has been damaged by athenahealth's infringement of the '766 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against athenahealth as follows:

(A)     athenahealth has infringed the '578 Patent, the '293 Patent, the '466 Patent, and the '766 Patent;

(B)     awarding Uniloc its damages suffered as a result of athenahealth's infringement of the '578 Patent, the '293 Patent, the '466 Patent, and the '766 Patent;

(C)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: August 11, 2017                      Respectfully submitted,

                                           */s/ Brent N. Bumgardner*
                                           Paul J. Hayes (Lead Attorney) (Pro Hac to Follow)
                                           Massachusetts State Bar No. 227000
                                           Kevin Gannon (Pro Hac to Follow)
                                           Massachusetts State Bar No. 640931
                                           Dean G. Bostock (Pro Hac to Follow)
                                           Massachusetts State Bar No. 549747
                                           Aaron Jacobs (Pro Hac to Follow)
                                           Massachusetts State Bar No. 677545
                                           **PRINCE LOBEL TYE LLP**
                                           One International Place, Suite 3700
                                           Boston, MA 02110
                                           Tel: (617) 456-8000
                                           Email: phayes@princelobel.com
                                           Email: kgannon@princelobel.com
                                           Email: dbostock@princelobel.com
                                           Email: ajacobs@princelobel.com

                                           Brent N. Bumgardner
                                           Texas State Bar No. 00795272
                                           brent@nelbum.com
                                           Christopher G. Granaghan
                                           Texas State Bar No. 24078585
                                           chris@nelbum.com
                                           **NELSON BUMGARDNER PC**
                                           3131 West 7th Street, Suite 300
                                           Fort Worth, TX 76107
                                           Tel: (817) 377-9111
                                           Fax: (817) 377-3485

                                           **ATTORNEYS FOR THE PLAINTIFFS**